January 28, 1854.

---

# DECISION OF CHIEF JUSTICE LEE.—AT CHAMBERS.

---

### R. COADY & CO. *vs.* W. GOODALE, Collector Gen. of Customs.

The Fourth Section of the Act of the 24th May, 1853, giving effect to the increase of duties on China and Manila goods, at the expiration of six months, is void, being in conflict with the 7th Article of the Treaty with Denmark, which requires twelve months' notice.

On the 30th of December last the plaintiffs imported into this kingdom from San Francisco 504 boxes and 100 cases of teas, said teas

being the product of China, upon which the Collector General demanded a duty of 15 per cent. *ad valorem*, by virtue of the act passed on the 24th of May, 1853, which requires "That there shall be levied on all goods, wares and merchandise imported into this kingdom from any port in China, or the Philippine Islands, a duty of fifteen per cent. *ad valorem* upon the invoice cost thereof," etc., etc.   This duty the plaintiffs refused to pay, claiming that they were not liable to pay a higher duty than that charged before the passage of the Act of 24th May, namely, five per cent. *ad valorem.*

The main points relied upon by the learned counsel for the plaintiffs are—

1st. The Act imposes the increased duties upon goods "imported into this kingdom, from any port in China or the Philippine Islands." Now these goods were not imported from China or the Philippine Islands, but from San Francisco in the United States, and consequently cannot come under the operation of the Act.

2d. The Act of May 24th, 1853, is a violation of that portion of the Seventh Article of the Treaty with Denmark, which provides that, "No Danish productions, or any other goods on board of, or imported in Danish ships, that can be imported by other foreign ships, shall be prohibited, nor pay more than those duties levied on goods of the most favored nation."

Whether these points are well taken or not, I do not consider it necessary to decide in either case ; for there is another point not raised by the learned counsel, which, in my opinion, puts the matter at rest beyond a doubt.   It is as follows:

The last clause of Article VII. of the treaty with Denmark provides that, "Any alteration in the duties levied on goods, shall not take effect nor be enforced, until twelve calendar months after the first notification of such change."   The demand for increased duties in this case was made at the expiration of seven months and two days from the publication of the change, which, though in accordance with the Fourth Section of the Act of the 24th May providing that "This Act shall take effect at the expiration of six months from the date of its publication in the *Polynesian* newspaper," is in direct contravention of the treaty, and consequently invalid.

In our opinion the Fourth Section of the Act of the 24th May, giving effect to the change of duties at the expiration of six months, is clearly opposed to the treaty with Denmark, and hence must fall to the ground as a nullity ; but the decision that this section is void, does not affect the validity of the other sections of the Act, upon which we express no opinion.

We are fully aware of the responsibility resting upon us when called to decide upon the validity of a legislative act, and we have not come to this decision hastily.